# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORTH LORENZO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BRAZELTON, et al.,<br><br>　　　　　　Defendants. | Case No.  1:12-cv-00118-SAB<br><br>ORDER SCREENING COMPLAINT AND DISMISSING PLAINTIFF'S CLAIMS, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>ECF NO. 1 |

## I.

## INTRODUCTION

Plaintiff Lorth Lorenzo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original complaint in this action on January 26, 2012.  (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims.  The Court will dismiss Plaintiff's claims, with leave to amend.

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

1  legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or
2  that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
3  1915(e)(2)(B).

4      A complaint must contain "a short and plain statement of the claim showing that the
5  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
6  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
8  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate
9  that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.
10 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

11     Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
12 liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
13 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be
14 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
15 that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss
16 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant
17 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
18 liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572
19 F.3d at 969.

### III.

### PLAINTIFF'S COMPLAINT

22     The events described in Plaintiff's complaint took place while Plaintiff was incarcerated
23 at Pleasant Valley State Prison in Coalinga, California. Plaintiff names Robert H. Trimble
24 (warden), Brazelton (assistant warden), Lt. Mcory, Sergeant Redding, Sergeant C. Neal and C.O.
25 Owens as defendants in this action (all defendants collectively referred to as "Defendants").

26     Plaintiff contends that his legal documents and materials pertaining to a petition for
27 habeas corpus were damaged when prison officials used pepper spray to remove another inmate
28 from his cell. Plaintiff also contends that his personal property was damaged by pepper spray.

Plaintiff requests reimbursement for the damage to his legal materials and other personal property.

## IV.

## DISCUSSION

Plaintiff does not identify any specific constitutional provision that was violated or identify any other legal basis for this lawsuit. However, the allegations in Plaintiff's complaint suggest that he claims that prison officials violated Plaintiff's constitutional right of access to the courts and Plaintiff's property rights under the Fourteenth Amendment.

### A.   Access to Courts Claim

Plaintiff's allegations pertaining to his legal materials related to his petition for habeas corpus implicate Plaintiff's constitutional right of access to the courts.  Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1989) (per curiam).  To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. See Lewis, 518 U.S. at 349.  An "actual injury" is "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'"  Id. at 348.

Plaintiff's complaint does not identify any "actual" injury he suffered in his habeas corpus proceedings.  Plaintiff does not allege that his petition for habeas corpus was dismissed for reasons related to the pepper spray incident.

Moreover, when raising an access to courts claim seeking relief for a lost opportunity to present a legal claim or relief from an unfavorable outcome in a prior legal claim, a plaintiff must show 1) the loss of a nonfrivolous or arguable claim; 2) the defendant's acts frustrating the litigation; and 3) that the relief sought is unobtainable in any presently existing suit. Christopher v. Harbury, 536 U.S. 403, 413-416 (2002).  In this case, Plaintiff does not allege facts that demonstrate that he was pursuing a nonfrivolous or arguable claim via his petition for habeas

corpus. Plaintiff fails to allege facts that describe the grounds for his petition for habeas corpus. Further, Plaintiff does not allege that the relief sought in his habeas corpus petition is unobtainable in any presently existing suit.

Based upon the foregoing reasons, Plaintiff fails to state a cognizable access to courts claim.

### B.    Fourteenth Amendment Claim

Plaintiff's allegations pertaining to his personal property implicate Plaintiff's constitutional rights under the Fourteenth Amendment. The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974). Whether a deprivation of property rises to the level of a constitutional violation depends on whether the deprivation was negligent or unauthorized. A negligent deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available because pre-deprivation process is impracticable since the state cannot know when such deprivations will occur. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Similarly, an intentional but unauthorized deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available. Id. California Law provides an adequate post-deprivation remedy for any unauthorized property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff alleges that his personal property was damaged in an unauthorized, negligent manner when prison officials were extracting another inmate from his cell using pepper spray. Since a negligent, unauthorized deprivation of property does not violate the Due Process Clause, Plaintiff does not state any cognizable claim under Section 1983 arising from the damage to his personal property.

### C.    Individualized Inquiry Into Causation

Plaintiff does not allege any facts that demonstrate how the individuals named as defendants in this action are liable for the incidents alleged in Plaintiff's complaint. It is unclear how Defendants caused or contributed to the damage to Plaintiff's legal materials and personal

property.  Accordingly, Plaintiff fails to state any cognizable claims against Defendants.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

## V.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's complaint fails to state any cognizable claims.  Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. at 678.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, dated January 26, 2012, is dismissed for failure to state a claim upon which relief may be granted;
3. If Plaintiff wishes to amend, he must file an amended complaint within **thirty (30) days** from the date of service of this order; and

5

4      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 10, 2013**

UNITED STATES MAGISTRATE JUDGE